# UNITED STATES DISTRICT COURT
# THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION**

Case No. 2:18-md-2846

**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

**This document relates to:**
*Vaughn, et al. v. Kentuckiana Surgical Specialists, P.S.C., et al.*
Case No. 2:23-cv-793

## ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (ECF No. 10).[1] Plaintiffs contend that remand to Jefferson County, Kentucky, Circuit Court, the original venue of this action, is appropriate. (*Id.*) Plaintiffs bring products liability claims for an allegedly defective hernia mesh against Defendants C.R. Bard, Inc., Becton Dickinson and Company, and Davol, Inc. (collectively "Hernia Mesh Defendants"), and asserts various tort and medical malpractice claims against Kentuckiana Surgical Specialists, P.S.C., Dr. Kevin A. O'Koon, Dr. Michael G. Hughes, Jr., and Vanguard Surgical, LLC ("Healthcare Defendants"). (ECF No. 10-1.) According to Hernia Mesh Defendants' Response to Plaintiffs' Motion, Plaintiffs fraudulently joined Healthcare Defendants to defeat diversity and the case was therefore properly removed to federal court. To prove fraudulent joinder that was intended to defeat removal, Hernia Mesh Defendants must "present sufficient evidence that a plaintiff could not have established a cause of action against

---

[1] Plaintiffs filed this Motion as a Motion for Remand. However, "[t]he ultimate authority for remanding an action transferred for multidistrict litigation lies with the [JPML] itself." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 04 Civ. 4968 (VSB), 2017 WL 5468758, at *2 (S.D.N.Y. Nov. 13, 2017); *see also* 28 U.S.C. § 1407(a). The Court will therefore treat the Motion as a Motion for Suggestion of Remand pursuant to JPML Rule 10.1(b)(i).

non-diverse defendants under state law.  However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (internal citation omitted).

Hernia Mesh Defendants claim that Plaintiffs fraudulently joined Healthcare Defendants because "Plaintiffs' allegations focus on the properties of the Bard hernia repair device," and "[t]he Healthcare Defendants are licensed health care providers who cannot be held liable for allegedly defective products implanted at their hospitals." (ECF No. 15 at PageID #247.)  As Plaintiffs point out, they have not brought products liability claims against Healthcare Defendants, and "the gist of this case is a hernia surgery gone wrong because of overly-aggressive surgery by Defendant O'Koon having nothing to do with the mesh product. . . . This is a case that would have been brought even if no mesh product had been used in the repair." (ECF No. 16 at PageID #280.)

However, "on motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." Fed. R. Civ. P. 21.  "The Supreme Court has recognized that Rule 21 authorizes courts 'to allow a dispensable nondiverse party to be dropped at any time' in the litigation," and this power exists even in the absence of fraudulent joinder. *In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, 889 F. Supp. 2d 931, 944 (E.D. Ky. 2012) (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989)).  Per the Transfer Order of the JPML (18-md-2846, ECF No. 1), all centralized cases "share common factual questions arising out of allegations that defects in defendants [C.R. Bard, Inc.'s, and Davol, Inc.'s] polypropylene hernia mesh products can lead to complications when implanted in patients."  Plaintiffs' claims against Healthcare Defendants fall outside this purview.  Plaintiffs' claims against Healthcare Defendants are medical negligence, which would require evidence on the care, treatment, and services provided, whereas the claims against Hernia Mesh Defendants

would require "evidence on the development, manufacture, and testing of" the hernia mesh device along with evidence of Hernia Mesh Defendants' "knowledge, warnings, and representations" regarding the device. *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, No. CIV 07-1487 DWF/AJB, 2007 WL 2572048, at *2 (D. Minn. Aug. 30, 2007).

In other cases with similar facts, courts have found that healthcare defendants are not necessary or indispensable parties in a products liability claim against a medical device or pharmaceutical manufacturer. Plaintiffs' claims against Healthcare Defendants are "highly distinct from the various claims brought against [Hernia Mesh Defendants] for products liability. Not only are [they] comprised of unique legal elements, [they are] based on completely different factual allegations. Just as [Hernia Mesh Defendants were not] involved with [Plaintiff's] surgery, [Healthcare Defendants] had nothing to do with the design, manufacture or sale of a single [hernia] mesh implant." *Mayfield v. London Women's Care, PLLC*, No. CIV.A. 15-19-DLB, 2015 WL 3440492, at *4 (E.D. Ky. May 28, 2015). Additionally, as the court in *Mayfield* noted, there are benefits to a plaintiff in keeping claims against manufacturer defendants in an MDL:

> Moreover, if the surviving federal claims are transferred to the Ethicon MDL, the prospect of dual litigation has undeniable upside. The cost and burden of litigating against Ethicon would drop considerably, and Plaintiffs' ability to potentially negotiate a settlement would be greatly enhanced. Also, they could proceed with discovery of the medical malpractice claim immediately, and do so more efficiently, as other attorneys will take the lead in the Ethicon MDL. Therefore, even if Healthcare Defendants were found to be necessary parties, the Court would not have deemed them indispensable to this case.

*Id.* at *5. Another court used the same reasoning in *Sullivan v. Calvert Memorial Hospital*:

> Severance is particularly appropriate in this case because it would allow for the transfer of Sullivan's claims against the Ethicon Defendants to Multi-District Litigation (MDL) currently pending before Judge Joseph R. Goodwin in the U.S. District Court for the Southern District of West Virginia, where over 25,000 products liability cases based on the TVT are being litigated. Whatever inconvenience Sullivan might suffer from her having to litigate her claims in two separate forums, that inconvenience is far exceeded by the prejudice of requiring

3

> the manufacturer of a TVT to defend on "many more than just two fronts." *See Joseph,* 614 F.Supp.2d at 873. Forcing the Ethicon Defendants to litigate TVT claims in state courts throughout the country whenever and wherever the claims might be joined to claims against healthcare providers that installed the device would defeat the entire purpose of the MDL.

*Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 707 (D. Md. 2015); *see also Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 872 (N.D. Ohio 2009), *as amended* (May 27, 2009) (finding healthcare defendants were not necessary parties because a resolution of the claims against them would not necessarily resolve the plaintiffs' claims against the manufacturer defendant). This Court agrees with this reasoning. Healthcare Defendants are not necessary parties and severance is appropriate. Because the Court has concluded that Healthcare Defendants should be severed pursuant to Rule 21, the Court need not address the doctrine of fraudulent misjoinder. *See Mayfield*, 2015 WL 3440492 at *6.

"The ultimate authority for remanding an action transferred for multidistrict litigation lies with the [JPML] itself." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 04 Civ. 4968 (VSB), 2017 WL 5468758, at *2 (S.D.N.Y. Nov. 13, 2017); *see also* 28 U.S.C. § 1407(a). JPML Rule 10.1(b)(i) permits a transferee district court in a multidistrict litigation (MDL) to make a suggestion of remand to the JPML. For the foregoing reasons, Plaintiffs' Motion (ECF No. 10) is **GRANTED IN PART** and **DENIED IN PART.** It is hereby **ORDERED** that the Court **SUGGESTS** to the JPML that all claims against the Healthcare Defendants be remanded to the transferor court. The Court will retain jurisdiction over all remaining claims.

    **IT IS SO ORDERED.**


**4/26/2023**                                            **s/Edmund A. Sargus, Jr.**
**DATE**                                                    **EDMUND A. SARGUS, JR.**
                                                                 **UNITED STATES DISTRICT JUDGE**